EVAN COOK, EXECUTOR, ETC. *v.* B. T. LIGON ET AL.

SUPREME COURT.    *Practice. Affirmance as to one of several. Judgment on bond.*

Where, on writ of error from a judgment of the Circuit Court, one gives a *supersedeas* bond as executor and as an individual, if the judgment, under the act of March 24, 1876 (Acts 1876, p. 35), is affirmed as to the executor, but reversed as to the individual, judgment should be entered against the sureties on the bond for the debt, damages and costs.

MOTION to vacate the judgment rendered at the last term in the case of *Cook* v. *Ligon*, *ante*, 368, on the ground that, by clerical misprision, judgment was entered against the principal and sureties on the writ-of-error bond.

To revise a judgment against him jointly as an individual and as executor, Evan Cook petitioned for a writ of error to operate as a *supersedeas*, and gave a bond in double the amount of the judgment, signed and sealed " Evan Cook [Seal]," and " Evan Cook, Executor [Seal]," with Louena and Emma Cook as sureties, and conditioned as follows : —

" Whereas, in the Circuit Court of Hinds County, first district, and State of Mississippi, on the 31st day of July, A.D. 1876, by the judgment of said court, B. T. & C. A. Ligon, as surviving partners, recovered against Evan Cook individually, and as executor of Mary J. Cook, deceased, in a certain suit therein pending, in which said B. T. & C. A. Ligon were plaintiffs, and the said Evan Cook individually, and as executor of Mary J. Cook, deceased, were defendants, and the said Evan Cook individually, and as executor aforesaid, having prayed and obtained a writ of error to the next term of the Supreme Court of the State of Mississippi to revise or reverse said judgment; now, if the said Evan Cook individually, and as executor aforesaid, shall prosecute said writ of error with effect, or, in case of failure therein, shall pay and satisfy the amount of said judgment according to the consideration of said Circuit Court, and, moreover, perform and satisfy such the consideration and judgment of such Supreme Court thereon, then this obligation shall be void; otherwise, it shall remain in full force."

After the delivery of the opinion, *ante*, 372, judgment was entered in this court, "that the judgment of the Circuit Court rendered in this cause on the 31st day of July, 1876, be, and the same is hereby, reversed and remanded as to the husband, Evan Cook, but affirmed as to Evan Cook, executor of Mary J. Cook, deceased, in accordance with Acts 1876, pp. 35, 36. And it is further considered, and so ordered and adjudged, that the defendants in error do have and recover of the estate of Mary J. Cook, plaintiff in error, and Louena Cook and Emma Cook, sureties in the writ-of-error bond, the sum of $414.85, the amount of the judgment of the court below, together with the further sum of $20.74, being damages at the rate of five per cent per annum on the amount of said judgment from the date of rendition thereof till paid, and also the costs of this cause in this court and the court below expended to be taxed."

*T. J. & F. A. R. Wharton,* for the motion, cited *Mallett v. Parham,* 52 Miss. 921; *Mhoon v. Colment,* 51 Miss. 60; *James v. Williams,* 44 Miss. 49; *Roberts v. Edmundson,* 4 S. & M. 730.

*T. J. Wharton,* on the same side, argued the motion orally, contending that the act of March 24, 1876, which applied to joint obligations, did not authorize a judgment on the writ-of-error bond, where there was a reversal of a judgment against husband and wife; that the condition of the bond was performed when the judgment was reversed; and, citing *Mallett v. Parham,* 52 Miss. 921, contended that the judgment in that case was against the wife alone, and not against her sureties, whose obligation was *strictissimi juris,* and who were released when the husband was discharged.

*Shelton & Shelton,* contra, cited *Mhoon v. Colment,* 51 Miss. 60; Acts 1876, p. 35; Code 1871, §§ 410, 414, 2237 *et seq.*

*D. Shelton* made an oral argument on the same side, in which he contended that the act of March 24, 1876, applied as well to other joint obligations as to those of copartners, which had been already decided in this case, *ante,* 377; and referred to *Mallett v. Parham,* 52 Miss. 921, arguing that the judgment in this case, as in that, was properly an affirmance as to the wife's estate, and that, the judgment having been affirmed as

to one, the reversal as to the other did not preclude a judgment against the sureties, but that such a judgment was authorized by the condition of the bond.

CAMPBELL, J., delivered the opinion of the court.

The act of March 24, 1876 (Acts 1876, p. 35), authorizes this court to reverse a judgment as to some of the parties, and affirm it as to others in certain cases; and it is an incident of a judgment of affirmance to render judgment for debt, damages and costs against the party failing to prosecute with effect his appeal or writ of error, and the sureties on the bond for *supersedeas*. Code 1871, § 414. The condition prescribed for a bond for *supersedeas* of a judgment of the Circuit Court is "for the prosecution of the appeal [or writ of error] to effect, or, in case of failure, for the payment or performance of the judgment, decree or sentence of the Supreme Court." Code 1871, § 410.

Where two persons join in an appeal or writ of error, and the judgment is affirmed as to one of them, it cannot be said that *they* have prosecuted the appeal or writ of error to effect. One has; the other has not. The condition of the bond being that *both* shall prosecute to effect, the failure of either is a breach of it. The condition of this bond is that Evan Cook, individually and as executor, shall prosecute the writ of error to effect, or, in case of failure therein, shall perform the judgment of this court. Evan Cook, as executor, did not prosecute the writ of error to effect, but failed therein; and the judgment here is that the judgment of the Circuit Court against him be affirmed. The condition of the bond as to him can be discharged only by performance of the judgment of this court against him for debt, damages and costs. To hold otherwise would be to enable one person to profit by errors in a judgment as to another, which is precisely what the statute of March 24, 1876, was intended to prevent. If one as to whom there is no error appeals, the same consequences must follow as if he was a sole defendant in the judgment.

*Motion denied.*